# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: **12-23588**

**W-HUCK**

UNITED STATES OF AMERICA

     Plaintiff,

v.

SILA LUIS, ELSA RUIZ, and
MYRIAM ACEVEDO,

     **FILED UNDER SEAL**

     Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

On this 3 day of October 2012, at 9 20 A.m., upon consideration of Plaintiff United States of America's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, the Complaint filed by Plaintiff United States of America, and the Declaration of Clint E. Warren, the Court finds that the United States has demonstrated that:

1.     the Defendants Sila Luis, Elsa Ruiz, and Myriam Acevedo are violating and unless enjoined will continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b and have committed and unless enjoined would continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicare program;

2.     the Defendants are alienating or disposing of property, and intend to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value; and

3.     the provision of advance notice to the Defendants will likely aggravate the damage that the order seeks to prevent because advance notice will provide the Defendants with the opportunity to transfer, expend, or conceal the remaining property.

Based on the foregoing, the Court hereby concludes as follows:

4.     that the requested relief be considered and GRANTED without prior notice to the Defendants; and

5.     because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is therefore

**ORDERED, ADJUDGED, and DECREED** that the Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1.     From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b, and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

2.     From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on

2

behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, that are proceeds or profits from Defendants' Federal health care offenses or property of an equivalent value of such proceeds or profits, **including but not limited to** the following accounts:

| **Bank Name** | **Account Holder** | **Account Number Ending In** |
|---|---|---|
| SunTrust | LTC | x5786 |
| SunTrust | LTC | x0769 |
| Wells Fargo | LTC | x4160 |
| Wachovia | LTC | x8976 |
| SunTrust | LTC | x0536 |
| SunTrust | LTC | x4361 |
| SunTrust | LTC | x0769 |
| SunTrust | LTC | x1740 |
| Bank Atlantic | LTC | x3921 |
| Bank Atlantic | LTC | x6860 |
| Regions Bank | Sila Luis/Wilfredo Luis | x7541 |
| Regions Bank | Sila Luis/Wilfredo Luis | x8199 |
| Regions Bank | Sila Luis/Wilfredo Luis | x8326 |
| Bank of America | Sila Luis | x1826 |
| Bank of America | Sila Luis | x4829 |
| Bank of America | Sila Luis | x4887 |
| Bank of America | Sila Luis | x8884 |
| Bank of America | Sila Luis | x8897 |
| HSBC | Sila Luis | x0408 |
| Bank Atlantic | Sila Luis/Kyusttin A. Abreu | x6251 |
| Bank of America | Sila Luis | x8884 |
| SunTrust | Sila Luis | x0627 |
| SunTrust | Sila Luis | x1348 |

| SunTrust | Sila Luis | x5426 |
|---|---|---|
| SunTrust | Sila Luis | x0623 |
| Eastern National Finance | Sila Luis | x7406 |
| Eastern National Finance | Sila Luis | x2402 |
| WAMU | Sila Luis | x8534 |
| Bank of America | Sila Luis | x4882 |
| Regions Bank | Sila Luis | x7134 |
| SunTrust | Elsa Ruiz | x5854 |
| Bank of America | Elsa Ruiz | x4805 |
| International Finance | Professional Home Care | x3458 |
| SunTrust | Professional Home Care | x4477 |
| Wachovia | Myriam Acevedo | x1736 |
| Power Financial CU | Myriam Acevedo | x11-31 |
| Regions Bank | Myriam Acevedo | x3568 |
| Regions Bank | Myriam Acevedo | x9652 |
| SunTrust | Myriam Acevedo | x1744 |
| Eagle National Bank | Myriam Acevedo | x1803 |

3.     From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which any Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud, **including but not limited to** the following properties:

| Owner | Address | Assessed Value |
|---|---|---|
| Sila Gutierrez | 600 NW 32nd Pl., #207, Miami, FL 33125 | $41,990 |
| Sila Luis | 600 NW 32nd Pl., # 413, Miami, FL 33125 | $39,690 |

4

| Sila Luis | 3401 SW 11th St., 1-B, Miami, FL 33135 | $61,190 |
|---|---|---|
| Sila Gutierrez & Wilfredo Luis | 4779 Collins Ave., #2007, Miami Beach, FL 33140 | $520,610 |
| Sila Gutierrez & Wilfredo Luis | 6055 SW 87th Ave., Miami, FL 33173 | $754,624 |
| Sila Luis & Wilfredo Luis | 16171 SW 151 Terrace, Miami, FL 33196 | $205,870 |
| Sila Luis & Wilfredo Luis | 6940 SW 90th St., Miami, FL 33156 | $1,208,608 |
| JS Property Holdings, LLC (owned by Sila Luis) | 3401 SW 11th St., 2A, Miami, FL 33135 | $61,190 |
| JS Property Holdings, LLC (owned by Sila Luis) | 1250 West Ave, Apt. 4G, Miami Beach, FL 33139 | $72,050 |
| JS Property Holdings, LLC (owned by Sila Luis) | 7400 SW 48th St., Miami, FL 33155 | $274,010 |
| JS Property Holdings, LLC (owned by Sila Luis) | 7174 SW 47th St., #7174, Miami, FL 33155 | $214,080 |
| JS Property Holdings, LLC (owned by Sila Luis) | 1250 West Ave., Apt. 4D, Miami Beach, FL 33139 | $74,510 |
| Myriam Acevedo | 3261 SW 140 Avenue, Miami, FL 33175 | $210,212 |
| Myriam Acevedo | 13458 SW 62 St., #110-Q, Miami, FL 33183 | $65,240 |
| Myriam Acevedo | 10700 NW 66 St., #206, Miami, FL  33178 | $179,982 |
| Myriam Acevedo | 2299 SW 27th Ave., Miami, FL 33145 | $709,396 |

**IT IS FURTHER ORDERED** that Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, are ordered:

4.      To preserve all business, financial and accounting records, including bank records, that detail any of Defendants' business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

5.     To preserve all medical records, including patient records, that relate to any Defendants' business operations and/or to services for which claims were submitted to the Medicare program;

**IT IS FURTHER ORDERED** that Defendants, within one calendar week of receiving notice of this Order:

6.     Provide to the United States the following:

a.     a list of all post office boxes or other locations at which mail addressed to each Defendant is received by or on behalf of each Defendant;

b.     a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in any Defendant's name or in the names of any of their owners, agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

c.     a list of all financial institutions, including but not limited to, banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

d.     the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping,

6

accounting, brokering, or financial, investment, or tax advice or consultation for any Defendant in the past three years;

7.      Complete a Financial Disclosure Statement form provided by the United States and, on a monthly basis, provide an accounting of their assets in suitable reports detailing their financial conditions.

**IT IS FURTHER ORDERED** that the United States shall promptly attempt to provide notice of this action and this Order to Defendants by, to the extent necessary, attempting service at last known addresses and by attempting telephone notice via known telephone numbers. Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the 13th day of _October_, 2012, or at such later date as may be extended by the Court, or agreed upon by the parties.

The parties shall take notice that this matter shall come before the Court for a preliminary injunction hearing on the 12th day of _October_, 2012, at 4:00 p.m., in accordance with Plaintiff's complaint and motion for injunctive relief. Defendants may request an earlier hearing on the terms of this temporary restraining order in accordance with the terms of Federal Rule of Civil Procedure 65. The hearing will be held in Courtroom 12-2, 400 N. Miami Avenue, Miami, FL before U.S. District Court Judge Cecila Altogna.

**DONE AND ORDERED** at Miami, Florida, this 3rd day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE

cc:     Susan Torres, AUSA

7