UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 12-Civ-23588-HUCK |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SILA LUIS, et al., | : | |
| Defendant. | : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : | |

**SUPPLEMENTAL AUTHORITIES IN RE:
CORRECTED MOTION TO MODIFY RESTRAINING ORDER [DE #46]**

The pleadings of both parties have cited to *United States v. Medina*, 485 F.3d 1291 (11th Cir. 2007). Two different panels of the Eleventh Circuit have since decided issues emanating from the *Medina* case in "unpublished" opinions per 11th Cir. Rule 36-2:

1. *United States v. 10150 NW 133 Street, Hialeah Gardens, Florida*, 278 Fed.Appx. 880 (11th Cir. 2008) (on appeal from a civil forfeiture action against properties traceable to Medicare revenue, the Eleventh Circuit held that "[e]very time Guerra received a payment from Medicare for a claim that resulted from a kickback, she committed fraud because Medicare would not have paid the claim had it known of the kickback. *See [Medina, 485 F.3d] at 1298.* Therefore, whether the prescriptions filled by United after Guerra signed the Medicare provider application were necessary or not is irrelevant. The kickbacks that led to the claims made them fraudulent, so the money paid for the claims is the proceeds of a crime."); and

2.     *United States v. Guerra*, 307 Fed.Appx. 283, 287 (11th Cir. 2009) (on appeal from the resentencing of Medina's co-defendant for money laundering and health care fraud based on kickbacks, the Eleventh Circuit held that "Guerra actually did not merit any additional levels from the § 2B1.1 loss table because she was not responsible for any loss to Medicare. *See Medina,* 485 F.3d at 1304-05; U.S.S.G. § 2B1.1(b)(1).").

The government is likely to rely on *Hialeah Gardens* to support its argument that all of the Medicare revenues collected by defendant Luis are forfeitable and therefore subject to restraint under section 1345 if "tainted" by kickbacks, even if the home health services billed for by LTC and Professional were provided to otherwise eligible patients and deemed medically necessary by a non-corrupt physician.

Defendant Luis relies on *Guerra* to support her assertion that a kickback scheme alone generates no "loss," so the government (Medicare) is not entitled to any "restitution" unless the government proves that the home health services were not rendered or not necessary.  *Guerra* is responsive to the government's argument that:

> While the Sixth Amendment guarantees Defendant Luis adequate representation in the criminal case, it does not go so far as to permit her to access lawfully frozen funds – ***meant for restitution*** – so that she may hire counsel of her choice.

Government's Response to Motion to Modify the Restraining Order, DE #49 at 17

(emphasis added). When the amount of loss is zero, there is no government interest in "restitution." The only government interest in restraining the assets, then, is to preserve them for later forfeiture as part of the punishment in the criminal case. Defendant Luis maintains that the government's future interest in inflicting punishment through forfeiture is outweighed by the defendant's present interest in exercising her Fifth and Sixth Amendments rights to engage private counsel to defend her against that potential criminal judgment.

The two unpublished opinions are attached for the court's convenience.

>Respectfully submitted,
>
>**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
>201 South Biscayne Boulevard, Suite 1300
>Miami, Florida 33131
>Ph. (305) 371-6421 –  Fax (305) 358-2006
>E-mail: HSrebnick@RoyBlack.com
>
>  /s/   Howard Srebnick
>HOWARD SREBNICK, ESQ.
>Florida Bar No. 919063
>*Counsel for Sila Luis*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed via CM/ECF on November 28, 2012.

>  /s/   Howard Srebnick
>HOWARD SREBNICK, ESQ.