UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23588-CIV-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SILA LUIS et al.,

    Defendants.
_____/

## PRELIMINARY INJUNCTION AS TO DEFENDANT SILA LUIS

THIS MATTER comes before the Court upon the United States' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, filed on October 2, 2012; the Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, also filed on October 2, 2012; and the Declarations of Special Agent Clint Warren. The Court entered a Temporary Restraining Order ("TRO") on October 3, 2012, and after being extended several times, it is currently effective through June 28, 2013.

For the reasons in the Court's Order issued on June 21, 2013, the Court finds that the United States has demonstrated that:

1.    Defendant Luis has violated and unless enjoined could continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b)(2)(A), and/or has committed a Federal health care offense (as defined in 18 U.S.C. § 24(a)) and unless enjoined could continue to commit a Federal health care offense through the submission of false and fraudulent claims to the Medicare program; and

2. Defendant Luis has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value.

Based on the foregoing, the Court hereby concludes as follows:

That the requested relief be GRANTED and because the United States' motion is based on 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction in this case.

It is therefore **ORDERED** and **ADJUDGED** that:

Defendant Sila Luis, her agents, employees, attorneys, and all persons acting in concert and participation with her, including all banking and other financial institutions at which she does business, and all corporations over which she exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b, and from committing any Federal health care offense, as defined in 18 U.S.C. § 24;

2. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of Defendant Luis by any financial institution, trust fund, or other financial entity, public or private, that are proceeds or profits from Defendant Luis's Federal health care offenses or property of an equivalent value of such proceeds or profits;

3. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which Defendant Luis has an interest, up to the equivalent value of the proceeds of the Federal health care fraud ($45 million).

**IT IS FURTHER ORDERED** that Defendant Luis, her agents, employees, attorneys, and all persons acting in concert and participation with her, including all banking and other financial institutions at which she does business, and all corporations over which she exercises control, are ordered:

4. To preserve all business, financial and accounting records, including bank records, that detail any of Defendants' business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

5. To preserve all medical records, including patient records, that relate to any Defendants' business operations and/or to services for which claims were submitted to the Medicare program.

This Preliminary Injunction shall remain in force until further Order of the Court, provided, however, that nothing in this Preliminary Injunction shall prevent Defendant Luis from surrendering to the United States any assets frozen by this Preliminary Injunction, if the United States consents to such voluntary surrender.

**DONE and ORDERED** at Miami, Florida, this 24th day of June, 2013.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc:    Counsel of record